X FILED   ___ RECEIVED
___ ENTERED   ___ SERVED ON

02/20/2026

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: _____MAM_____ DEPUTY

Russell Greer
c/o A Safer Nevada PAC
10409 Pacific Palisades Ave
Las Vegas, NV 89144
contact@asafernevada.org
801-895-3501

IN THE U.S. DISTRICT COURT

OF NEVADA

| | |
|---|---|
| **RUSSELL GREER,** an individual,<br><br>    Plaintiff<br><br>  v.<br><br>**FRANCISCO V. AGUILAR,** in his official capacity,<br><br>    Defendant | **[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No.: 2:25-cv-02581-JAD-BNW<br><br>District Judge: Jennifer A. Dorsey<br><br>Magistrate Judge: Brenda Weksle |

1

Plaintiff Russell Greer filed an Ex Parte Emergency Motion for Preliminary Injunction on February 19, 2026 (ECF No. 14), seeking to enjoin enforcement of Nevada's five-sponsor and local-residency requirements for initiating local initiative petitions under **NRS 295.095(1)** and **NRS 295.205(1)**, and requesting that local initiative petitions be accepted when sponsored by a single qualified Nevada elector, consistent with **NRS 295.015(1)**.

Having reviewed the Motion, supporting exhibits, and the record in this case, and GOOD CAUSE APPEARING, the Court finds as follows:

## FINDINGS

1. Plaintiff has demonstrated a likelihood of success on the merits of his First Amendment, Equal Protection, and Nevada Constitution Article 19 claims.
2. Plaintiff has shown he will suffer irreparable harm, absent injunctive relief because the inability to initiate local initiative petitions during the 2026 election cycle constitutes a loss of constitutional rights that cannot be remedied after the election deadlines pass.
3. The balance of equities favors Plaintiff because the challenged statutes impose a substantial barrier to exercising core political speech, while the State would experience minimal administrative burden from accepting petitions initiated by a single elector.
4. An injunction is in the public interest because protecting constitutional rights and promoting access to the initiative process serves democratic participation.

**THEREFORE, IT IS ORDERED THAT:**

1. Defendant Francisco V. Aguilar, in his official capacity as Secretary of State of Nevada, is hereby ENJOINED from enforcing the five-sponsor requirement contained in NRS 295.095(1) and NRS 295.205(1) for city and county initiative petitions.
2. Defendant is further ENJOINED from enforcing the local-residency requirement contained in NRS 295.095(1) and NRS 295.205(1) as applied to the initiation of local initiative petitions.

3. Pending final judgment, a local initiative petition shall be deemed validly initiated when filed by a single qualified Nevada elector, regardless of county or city residency, consistent with the initiation standard applicable to statewide petitions under NRS 295.015(1).

4. The Court sets an expedited schedule: responses due March 5, 2026, and reply due within 7 days thereafter, or as otherwise ordered.

IT IS SO ORDERED.

DATED: _____, 2026

_____

**Jennifer A. Dorsey**
United States District Judge