**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Russell Greer,

Plaintiff

v.

Francisco V. Aguilar,

Defendant

Case No.: 2:25-cv-02581-JAD-BNW

**Order Denying Motion for Entry of Default and Extending Service Deadline**

[ECF No. 24]

Pro se plaintiff Russell Greer brings this lawsuit to raise a constitutional challenge to Nevada's five-voter sponsorship requirement for circulating a petition for a local ballot initiative. Greer sues Francisco V. Aguilar in his official capacity as Nevada's Secretary of State, and because Aguilar has not responded to, or otherwise appeared in, this case, Greer moves for the entry of a default against him.[1]

Rule 55 of the Federal Rules of Civil Procedure (FRCP) permits the court to enter default against a nonresponsive defendant when his failure "to plead or otherwise defend . . . is shown by affidavit or otherwise."[2] Key to that showing is demonstrating that the defendant was properly served with the summons and complaint.[3] Federal Rule of Civil Procedure 4, which prescribes the methods for effectuating legal service of process, does not specify the appropriate method of serving public employees in their official capacities. That silence has resulted in a

[1] ECF No. 24.

[2] Fed. R. Civ. P. 55(a).

[3] *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007).

split approach with some courts applying the rule for service on a state government (FRCP 4(j)(2)) and others applying the rule for serving an individual (FRCP 4(e)).[4]

FRCP 4(j)(2) provides that a state government must be served by "delivering a copy of the summons and of the complaint to its chief executive officer" or meeting state-law service requirements.[5] This rule gave Greer two options: (1) serve Nevada's chief executive officer Governor Joe Lombardo, or (2) satisfy Nevada Rule of Civil Procedure (NRCP) 4.2(d)(2), which requires that an officer of the state who is sued in his official capacity be served by "delivering a copy of the summons and the complaint to: (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and (B) the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process."[6]

The affidavit of service for Aguilar states that he was

> INDIVIDUALLY/PERSONALLY served by delivering a true copy of the SUMMONS IN A CIVIL ACTION AND PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF to: JACKIE REYES as Office Clerk, authorized to accept, at the address of: Nevada Secretary of State, 1 State of Nevada Way, Las Vegas, NV 89119.[7]

This service was legally deficient under FRCP 4(j). It was not effectuated on Lombardo; nor was it effectuated in accordance with Nevada's service rules because it was not served on the

---

[4] *See Hughes v. Rabauliman*, 2026 WL 2244192, at *4 (D. N. Mar. I. Aug. 5, 2026) (collecting authorities); *Cheeks v. Belmar*, 331 F.R.D. 499, 505 (E.D. Mo. 2019) (same).

[5] Fed. R. Civ. P. 4(j)(2).

[6] Nev. R. Civ. P. 4.2(d)(2).

[7] ECF No. 13 at 1.

Attorney General in Carson City. The lack of service on Nevada's Attorney General is likely the reason that the defendant has not appeared in this case.

Even if I follow the courts that have held that service on a state officer acting in his official capacity must satisfy instead the rule for serving an individual,[8] Greer's service on Aguilar was defective. FRCP 4(e) does not authorize service on an office clerk at the individual's place of business. As the Ninth Circuit has recognized, "Rule 4 has generally been construed to mean that service at a defendant's place of employment is insufficient."[9]

Because it does not appear that Aguilar has been served under either FRCP 4(e) or 4(j), IT IS ORDERED that Greer's Renewed[10] Request for Clerk's Entry of Default **[ECF No. 24] is DENIED.** While the deadline for service has expired,[11] in the interest of justice, **the court sua sponte extends the service deadline to October 8, 2026; the plaintiff must effectuate proper service of the third amended complaint and summons on the defendant no later than October 8, 2026**, or this case may be dismissed under FRCP 4(m).



U.S. District Judge Jennifer A. Dorsey
September 8, 2026

[8] *See, e.g.*, *Branum v. City of Phoenix*, 2026 WL 1085091, at *3 (D. Ariz. Apr. 22, 2026) ("It appears to be the majority view among courts to address the issue that a state officer sued in his official capacity must be served in accordance with the rules governing service upon individuals."); *accord Streeter v. Dep't of Pub. Safety*, 689 F. Supp. 3d 1312, 1336 (S.D. Ga. 2023).

[9] *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *see also* Fed. R. Civ. P. 4(e).

[10] Greer filed a previous motion for default but withdrew it. *See* ECF Nos. 19, 21.

[11] *See* Fed. R. Civ. P. 4(m) (90-day service deadline).