**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Russell Greer,

Plaintiff

v.

Francisco V. Aguilar,

Defendant

Case No.: 2:25-cv-02581-JAD-BNW

**Order Denying Motion for Reconsideration**

[ECF No. 25]

Pro se plaintiff Russell Greer brings this lawsuit to constitutionally challenge Nevada's five-voter sponsorship requirement for circulating a petition for a local ballot initiative. I previously denied his motion for a preliminary injunction, finding that he was unlikely to succeed on the merits of his claims.[1] Greer moves for reconsideration of that order, arguing that its conclusions rest on legal error.[2] Because Greer's motion is largely an attempt to relitigate issues that I have already considered and found unpersuasive, I deny his motion.

Greer first argues that I erred by not applying the holding of *Pierce v. Jacobsen* to this case.[3] In *Pierce*, the Ninth Circuit held that a Montana statute requiring that signature-gatherers for an initiative, referendum, or constitutional conviction be Montana residents was subject to strict scrutiny and did not pass muster under that standard.[4] Greer argues that *Pierce* does not make a distinction among types of initiative participants and that it was not limited to signature-

[1] ECF No. 23.

[2] ECF No. 25.

[3] *Id.* at 2.

[4] *Pierce v. Jacobsen*, 44 F.4th 853, 860–63 (9th Cir. 2022).

gatherers because the analysis "turned on the structure of the restriction—not the title of the individual affected."[5]

Greer misunderstands the import of *Pierce* to his case. In rejecting Montana's argument that the restriction was narrowly tailored to advance the interest in self-government, the Ninth Circuit noted that Montana had not offered any "evidence or explanation for why this interest would not be vindicated through a system requiring that official proponents, petition signers, and voters on initiatives be residents."[6] So the Ninth Circuit identified exactly what Greer is challenging here—a residency requirement for official proponents of an initiative—as a permissible restriction on elections, and applying the holding of *Pierce* would not change the outcome of the order.

Greer also argues that I misapplied *Chula Vista Citizens v. Norris* and overlooked the distinctions that he pled in his complaint.[7] This is an attempt to relitigate an argument on which I have already ruled. "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled,"[8] and it may not be based on arguments or evidence that could have been raised previously.[9]

Greer's third argument is that he should have an opportunity to brief *Angle v. Miller*, which I addressed in the order, because he did not analyze it in his complaint or preliminary-injunction motion.[10] He also argues that the court mistakenly relied on that Ninth Circuit *Angle*

---

[5] ECF No. 25 at 3.

[6] *Pierce*, 44 F.4th at 863.

[7] ECF No. 25 at 6.

[8] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[9] *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[10] ECF No. 25 at 8.

case, when in fact Greer had cited a different Angle case—the Nevada Supreme Court's opinion in *People ex rel. Angle v. Miller*.[11]

Courts may rely on relevant case law in their analysis of a motion and are not cabined to the authorities cited by the parties. This court was under no obligation to give Greer an invitation to brief *Angle*, which is relevant Ninth Circuit law. Greer's argument about the Nevada Supreme Court case is not persuasive, nor is his argument that the Ninth Circuit case is inapplicable. Greer argues that the decision "concerns a different statutory framework, different constitutional interests, and a different stage of the petition process" so it does not control.[12] The fact that the Nevada statute at issue in the Ninth Circuit's *Angle* decision was about collecting signatures before an initiative can appear on a ballot, and not about finding initial proponents to kickstart the signature process, does not undermine this court's analysis or conclusions about Nevada's regulatory interests in ensuring that an initiative has sufficient grassroots support to be on the ballot.

## Conclusion

IT IS THEREFORE ORDERED that Russell Greer's Motion for Relief from Order Denying Preliminary Injunction **[ECF No. 25] is DENIED.**

U.S. District Judge Jennifer A. Dorsey
September 22, 2026

[11] *Id.*

[12] *Id.* at 9.